**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KATHERINE BOURGEOIS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-538-FJP-DLD** |
| **LOUISIANA DEPARTMENT OF REVENUE** | |

**MAGISTRATE JUDGE'S REPORT**

This matter is before the court on a referral from the district court of the United States of America's (hereinafter "Government") motion to quash a subpoena directed to an employee of the federal district court. (rec.doc. 2) The motion is opposed.

*Background*

On July 28, 2011, the Civil Service Commission of the State of Louisiana (hereinafter "State") issued a subpoena to Faye Wesley, a deputy clerk employed by the United States District Court for the Middle District of Louisiana, in her capacity as jury service coordinator, for a matter pending before the Civil Service Commission, *Katherine Bourgeois v. LA Department of Revenue*, Docket No. S-17173. The subpoena required Wesley to appear before the Civil Service Commission on August 10, 2011, on behalf of an employee of the Department of Revenue, Erica Wilson.

On August 9, 2011, the Government removed the matter from the State Civil Service Commission to this court, pursuant to the provisions of 28 U.S.C. § 1442(a)(1) & (3). Thereafter, the Government filed the instant motion to quash the subpoena on the bases of sovereign immunity and for failure to comply with the controlling regulations of the federal judiciary. On August 30, 2011, the State filed an opposition, and stated that while it did not

dispute the legal principle of sovereign immunity that applies to this action or the fact that there was no waiver of sovereign immunity in this matter, fairness and justice necessitates the voluntary participation by Wesley or her equivalent to prevent a "significant miscarriage of justice." (rec.doc. 4)

The State further argues that this particular matter involves "principles important to the LDR [Louisiana Department of Revenue] as a public employer and the court's jury procedures." "This particular matter" refers to the termination of Katherine Bourgeois, who testified before a civil service hearing officer that she had a jury summons to appear in federal court for jury service, but did not receive any instructions with the summons and had no knowledge as to how to use the telephone system to determine whether she was required to appear for jury service. (*Id.*) The State (or LDR) states that it is important to have someone from the court system provide testimony that Bourgeois was provided with clear instructions regarding her jury service so that Bourgeois "cannot simply charge a five day vacation to the tax payers of Louisiana under the excuse of participating in jury service." (*Id.*, at 4)

The Government and the State attempted to resolve the matter amicably, and LDR then issued a request to the civil service hearing officer to accept the voluntary testimony of the Clerk of Court, Nick Lorio, in lieu of Wesley's testimony. Several months have now passed and the civil service hearing officer has yet to address LDR's request; thus, the court issued an order which allowed the State and/or LDR another chance to file an opposition to the motion to quash. That deadline passed on December 19, 2011. The matter is now ripe for ruling.

*Subpoena of a Federal Judiciary Employee*

There is no dispute between the parties that sovereign immunity applies in this instance and was not waived. Thus, the only remaining issue is with regard to the subpoena's compliance with the controlling regulations adopted by the Judicial Conference of the United States in 2003 with regard to subpoenas directed to eliciting the testimony of federal judicial personnel. Specifically, Section 6(a) of those regulations requires that the request for testimony set forth a description of the testimony sought, an explanation of the relevance of the testimony, and an explanation of why that information is not readily available from other sources or by other means. The court has reviewed the subpoena and examined the affidavit of Lorio, and it is facially apparent that the subpoena did not comply in any manner with Section 6(a) of the controlling regulations. Moreover, Section 6(b) requires that any subpoena be issued at least 15 working days prior to the date the testimony is required, and it is also facially apparent that the subpoena was issued only 7 working days prior to the date Wesley's testimony was required. The State and/or LDR did not offer any argument as to whether or not the subpoena was in compliance with the regulations. Thus, as the Government has not waived sovereign immunity, and it is facially apparent that the subpoena does not comply with the federal judiciary's regulations, the subpoena must be quashed. Lastly, as the subpoena was the only issue before the court, the matter should be remanded to the Civil Service Commission for further proceedings.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the motion to quash be **GRANTED** on the basis of sovereign immunity and for failure to comply with the applicable regulations.

It is the further recommendation of the magistrate judge that as the motion to quash was the only issue before the court and there are no further justiciable issues, the matter be **REMANDED** once the applicable delays for appeal have run.

Signed in Baton Rouge, Louisiana, on January 11, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KATHERINE BOURGEOIS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-538-FJP-DLD** |
| **LOUISIANA DEPARTMENT OF REVENUE** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 11, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**